**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 18-cv-00988-REB

GEORGE W. JOHNSON,

      Plaintiff,

      v.

ANDREW M. SAUL, Commissioner of Social Security,

      Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE UNDER FED. R. CIV.
P. 60(b) FOR AN AWARD OF ATTORNEY FEES PURSUANT TO 42 USC § 406(b)**

---

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion To Reopen Case Under Fed. R. Civ.
P. 60(b) for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)** [#21],[1] filed
December 11, 2020.  Because the motion is untimely, I deny it.

      This case was remanded to the agency on motion of the Commissioner in
October 2018.  The ALJ issued a favorable decision on November 19, 2019, awarding
plaintiff disability insurance benefits and finding he met the disability requirements to
receive supplemental security income benefits as well.  (**Motion App.**, Exh. A at 8-9.)
On December 4, 2019, the agency issued a Notice of Award, finding plaintiff also met
the non-medical requirements of the rules and awarding him supplemental security
income benefits.  The agency withheld $25,866.72 from those benefits to cover claims

---

[1]  "[#21]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

for reimbursement from the Pueblo Department of Social Services and plaintiff's

representative, in that order of preferment.  (***See* Supp. Resp. App.**, Exh. I at 1-2.)

On May 13, 2020, the agency issued a Notice of Award as to plaintiff's claim for

disability insurance benefits and withheld $39,192.00 to cover representative fees.  (***Id.***,

Exh. J at 3.)[2]  In July, the agency notified plaintiff that his disability benefits were being

reduced by the amount of supplemental security income payments he had received.

(**Motion App.**, Exh. D at 1.)   Nevertheless, the agency confirmed it still was withholding

$39,192.00 to cover fees charged by the attorney.  (***Id.***)

In the meantime, in February 2020, counsel for plaintiff moved for an award of

$25,000 in attorney fees under 42 U.S.C. § 406(a)(1) for work before the agency.[3]  (***See***

***id.***, Exh. E.)  By order dated September 29, 2020, the ALJ denied this request and

instead authorized counsel to collect a fee of less than the statutory maximum.  (***Id.***,

Exh. F (awarding counsel $4,590 for work before the agency).)   Counsel appealed that

order on November 4, 2020.  (***Id.***, Exh. G.)[4]  By this motion, filed five weeks thereafter,

counsel seeks $20,000 in attorney fees under 42 U.S.C. § 406(b)(1)(A), which permits

the court, under Title II of Social Security Act, to "allow as part of its judgment a

---

[2] Although that document did not quantify the total amount of past-due benefits to which plaintiff
was entitled, simple math indicates he had received benefits of $156,768.00, a calculation which was later
confirmed by the July 2020 communication.  (***See* Motion App.**, Exh. D at 1.)

[3] It is not clear, and counsel does not explain, under what authority he would have been entitled
to a fee of this magnitude.  By law, attorneys may receive a maximum award of the lesser of $6,000 or
25% of the past-due benefits for fees received pursuant to a fee agreement for work before agency.  42
U.S.C. § 406(a)(2)(A).  ***See also*** Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg.
6080-02 (Feb. 4, 2009) (increasing statutory amount of $4,000 to $6,000 effective June 22, 2009).

[4] As of the date this motion was filed, it was not clear whether counsel's appeal of the ALJ's
decision on his section 406(a) motion had been resolved and, if so, how.

2

reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In this circuit, a request for attorney fees under section 406(b) must be made within a "reasonable time of the Commissioner's decision awarding benefits." ***McGraw v. Barnhart***, 450 F.3d 493, 505 (10th Cir. 2006).[5]  The timeliness of the motion is measured from the date of the Commissioner's Notice of Award.  ***Early v. Astrue***, 295 Fed. Appx 916, 9119 (10th Cir. 2008).  The timeliness requirement "ensure[s] that money rightfully due the claimant is not needlessly withheld for an excessive amount of time." ***Vasquez v. Berryhill***, 2018 WL 4685567 at *3 (D.N.M. Sept. 28, 2018).  The determination whether a motion is considered timely is committed to the sound discretion of the district court.  ***McGraw***, 450 F.3d at 505.

In fleshing out this standard*,* courts in this circuit have held that "a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under § 406(b)(1) will be considered in terms of weeks or months, not years." ***Bernal v. Astrue***, 611 F.Supp.2d 1217, 1220 (N.D. Okla. 2009).  Motions filed within one to three months of the Notice of Award routinely are found to be timely filed.  ***See, e.g.***, ***Nevarez v. Berryhill***, 2017 WL 3602020 (D.N.M. Feb. 24, 2017) (three months); ***Montalvo v. Colvin***, 2016 WL 9724832 (D.N.M. Nov. 21, 2016) (two-and-a-half months); ***Correa v.***

---

[5]  Because judgment in a remanded case is entered at the time of remand, but the amount of attorney fees available is not known unless and until the plaintiff is awarded benefits, courts have reached different conclusions as to how to bridge that gap.  (Section 406(b) does not contain its own time limits. ***See McGraw***, 450 F.3d at 504.)  In this circuit, such requests are governed by Rule 60(b)(6), a "grand reservoir of equitable power to do justice in a particular case . . . . [which] should be liberally construed when substantial justice will thus be served." ***Id.*** at 505 (internal citations and quotation marks omitted). ***Cf. Walker v. Astrue***, 593 F.3d 274, 280 (3rd  Cir. 2010) (joining the Fifth and Eleventh Circuits in holding that such requests are governed by the 14-day deadline of Rule 54(d), which is "tolled until the notice of award is issued by the Commissioner and counsel is notified of that award").

*Colvin*, 2016 WL 10588077 (D.N.M. Mar. 30, 2016) (less than one month);

*Daubenshcmidt v. Colvin*, 2015 WL 13651017 (D.N.M. Aug. 17, 2015), *adopted*,

2015 WL 13651267 (D.N.M. Sept. 9, 2015) (two-and-a-half months). Conversely,

motions filed nine months or more after receipt of the Notice have been denied as

untimely.  *See Early*, 295 Fed. Appx. at 919 (thirteen months); *Martinez v. Saul*, 2021

WL 639569 at *3 (D.N.M. Feb. 18, 2021) (one year); *Vasquez*, 2018 WL 4685567 at *3

(twenty months); *Schmidt v. Colvin*, 2014 WL 2207973 at *2 (D. Kan. May 28, 2014)

(nine months).

Plaintiff received a Notice of Award as to his past-due supplemental security

income benefits on December 4, 2019, more than a year before the instant motion was

filed.[6]  The motion clearly is untimely as measured from the date of that notice.  Yet

even measured from the date of the Notice of Award regarding plaintiff's disability

insurance benefits in May 2020, the motion still is untimely.  Absent circumstances not

shown to be present here,[7] a lapse of seven months – months during which plaintiff was

deprived of the use of benefits to which he otherwise was entitled – is prejudicial to

plaintiff and therefore must be considered excessive.  *See Martinez*, 2021 WL 639569

---

[6]  As originally enacted, the Social Security Act did not authorize the withholding of benefits from
supplemental security income awards for the payment of attorney fees.  *Bowen v. Galbreath*, 485 U.S.
74, 79, 108 S.Ct. 892, 895, 99 L.Ed.2d 68 (1988).  "However, in 2004, the Social Security Protection Act
added a subparagraph to 42 U.S.C. § 1383(d)(2), providing that when a claimant is awarded past-due
benefits, 'the Commissioner of Social Security shall pay out of such past-due benefits to such attorney' the
attorney's fees, subject to certain limitations."  *Moriarty v. Colvin*, 806 F.3d 664, 667 (1st Cir. 2015)
(quoting Pub. L. No. 108-203, § 302(a)(4), 118 Stat. 493, 520 (2004)).

[7]  *Cf. Shultz v. Saul*, 2020 WL 5645697 at *4 (D.N.M. Sept. 22, 2020) (noting delay of more than
eight months "verges on being excessive, especially without providing a more persuasive argument as to
why the delay was necessary," but finding motion timely "based on the particular facts of this case, and
because claimant was not harmed by the delay" because delay in filing for section 406(b) fees did not
delay the refund of EAJA fees to plaintiff, which were subject to the Treasury Offset Program).

at *4 ("[I]t must be remembered that this money is Plaintiff's money, withheld by the Commissioner from the award of past-due benefits owed to Plaintiff himself. . . .  An award of fees under these circumstances would therefore defeat the purpose of the timeliness requirement to ensure that money rightfully due the claimant is not needlessly withheld for an excessive amount of time.") (citation and internal quotation marks omitted).[8]

My determination is not altered by the fact that counsel attempted first to recoup these fees from the Commissioner under section 406(a).[9]  The pendency of a section 406(a) motion does not excuse a failure to timely file a section 406(b) motion.  **See Early**, 295 Fed. Appx. at 919; **Shultz v. Saul**, 2020 WL 5645697 at *3-4 (D.N.M. Sept. 22, 2020).  Here, the delay in filing was excessive and prejudicial.  Accordingly, the motion must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff's  Motion To Reopen Case Under Fed. R. Civ. P. 60(b) for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)** [#21], filed December 11, 2020, is denied.

---

[8]  Counsel's attempts to elide the untimeliness of his motion by neglecting to file the Notices of Award until required to do so by the court is a violation of his duty of candor to the court as required by the Colorado Rules of Professional Conduct, which are adopted in this District, **D.C.COLO.LAttyR** 2(a). **See Colo. RPC** 3.3(d) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.")  (Because the Commissioner is not a party to a claim for benefits under section 406(b), I consider the matter to come within the ambit of this provision.)  **See also United States v. Crumpton**, 23 F.Supp.2d 1218, 1219 (D. Colo. 1998) ("Counsel in legal proceedings before this Court are officers of the court and must always be honest, forthright and candid in all of their dealings with the Court. To do otherwise, demeans the court as an institution and undermines the unrelenting goal of this Court to administer justice.").  The court expects counsel to fully comply with his professional and ethical duties in this regard in future or face consequences beyond the denial of his motion.

[9]  Especially as counsel does not clarify under what authority it believed he was entitled to recoup such fees under section 406(a).  **See supra**, n.3.

Dated March 11, 2021, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge